# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL MEDEIROS, et al.,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>HSBC CARD SERVICES, INC. and HSBC TECHNOLOGY & SERVICES (USA), INC.,<br><br>　　　　Defendants. | Case Nos**. 2:15-cv-09093-JVS-AFM**<br>　　　　8:12-cv-00885-JVS-RNB<br>　　　　2:14-cv-05615-JVS-RNBx<br><br>**ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING**<br><br>Date:　　　October 17, 2016<br>Time:　　　1:30 p.m.<br>Location:　Courtroom 10A<br>　　　　　411 W. Fourth St.<br>　　　　　Santa Ana, CA 92701 |
| TERRY J. FANNING, et al.,<br>　　　　Plaintiffs,<br>　vs.<br><br>HSBC CARD SERVICES INC. and HSBC TECHNOLOGY & SERVICES (USA), INC.,<br><br>　　　　Defendants. | |
| STEFAN O. LINDGREN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HSBC CARD SERVICES, INC. and HSBC TECHNOLOGY & SERVICES (USA), INC.,<br><br>　　　　Defendants. | |

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the cases entitled *Fanning et al. v. HSBC Card Services, Inc. et al.*, Case No. 12-cv-00885-JVS-RNBx ("Fanning"); *Lindgren v. HSBC Card Services, Inc. et al.*, Case No. 14-cv-05615-JVS-RNBx ("Lindgren"); and *Gail Medeiros, et al. v. HSBC Card Services Inc., et al.*, Case No. 2:15-cv-09093-JVS-AFM ("Medeiros") (collectively "the Actions"). The Actions were brought by plaintiffs Terry Fanning, Tatiana Jabbar, Stefan Lindgren, Gail Medeiros, Tracy T. Bomberger, Peter Morrissey, and Julie Pulatie, individually and on behalf of all others similarly situated, against defendants HSBC Card Services Inc. and HSBC Technology & Services (USA) Inc. ("HSBC"). Collectively, Gail Medeiros, Tracy T. Bomberger, Peter Morrissey, Julie Pulatie, Stefan O. Lindgren, Terry J. Fanning and Tatiana Jabbar are referred to herein as the "Plaintiffs" and together, with HSBC, the "Parties."

Based on this Court's review of the Parties' Settlement Agreement and Release (the "Agreement"), Plaintiffs' Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Actions, the Parties, and all persons in the Settlement Class.

3. <u>Scope of Settlement</u>. The Agreement resolves all claims alleged in the operative complaints filed in each of the Actions.

4. <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the

1 Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. 3, 4, 5 and 6 to the Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons in California who received a telephone call between March 23, 2009 and May 1, 2012 from or on behalf of HSBC Card Services Inc. and whose call was recorded or monitored by or on behalf of HSBC Card Services Inc. or HSBC Technology & Services (USA) Inc.

"Settlement Class Member" means any person in the Settlement Class who does not validly exclude themselves.

6. <u>The Settlement Class Satisfies Rule 23's Requirements</u>. In connection with this conditional certification, the Court makes the following preliminary findings:

(a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c) Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

(d) Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

- 2 -

ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897

(e) For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7. <u>Class Representatives</u>. The Court appoints Plaintiffs to act as the representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Class Counsel</u>. The Court appoints Hyde & Swigart, Kazerouni Law Group, APC, Law Offices of Todd M. Friedman, P.C., Altshuler Berzon LLP, The Mehdi Firm PC, Arleo Law Firm PLC, and Bailey and Galyen as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. <u>Final Approval Hearing</u>. At 1:30 p.m. on June 27, 2017, in Courtroom 10A of the United States Courthouse, 411 West Fourth St., Santa Ana, CA 92701, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service awards to Plaintiffs, should be granted, and in what amount. No later than February 14, 2017, Plaintiffs must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service awards to Plaintiffs. No later than May 15, 2017, which is thirty (30) days after the Opt-Out and Objection Deadline, papers in support of final approval of the Settlement and response to any written objections must be filed.

- 3 -
ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897

10. <u>Settlement Claims Administrator</u>. KCC LLC is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

11. <u>Class Notice</u>. The Court approves the proposed plan for giving notice to the Settlement Class directly (using e-mail and post cards), Publication Notice and through establishment of a Settlement Website, as more fully described in Plaintiffs' Motion and the Agreement ("Notice Plan"). The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than January 15, 2017 ("Notice Deadline").

12. <u>Proof of Class Notice</u>. The Claims Administrator will file with the Court by no later than May 15, 2017, which is thirty (30) days after the Opt-Out and Objection Deadline, proof that notice was provided in accordance with the Agreement and this Order.

13. <u>Opt-Out and Objection Deadline</u>. Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by April 15, 2017, which is ninety (90) days after the Notice Deadline. Persons in the Settlement Class may not both object and opt-out. If a person both requests to opt-out and objects, the request to opt-out will control.

14. <u>Exclusion from the Settlement Class</u>. To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline. Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name, address, telephone number(s), and account

- 4 -
ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897

number(s) of the person in the Settlement Class requesting exclusion (except that persons in the Settlement Class who do not have and have not had a credit card relationship with HSBC Bank Nevada, N.A. shall not be required to include an account number); and (iii) include the following statement: "I/we request to be excluded from the settlement in the HSBC California Call Recording Lawsuits." No request for exclusion will be valid unless all of the information described above is included. For any person in the Settlement Class who has more than one account, the exclusion request shall include all accounts. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

15. Filing of Exclusion Requests. The Claims Administrator will retain a copy of all requests for exclusion. Not later than thirty (30) days after the Opt-Out and Objection Deadline, the Claims Administrator will file, under seal, with the Court a declaration that lists all of the exclusion requests received.

16. Objections to the Settlement. To object to the Settlement, Settlement Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline. Settlement Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (a) Class Counsel – Abbas Kazerounian, Kazerouni Law Group, 245 Fischer Avenue, Unit D1, Costa Mesa, CA 92626, and Michael Rubin, Altshuler Berzon LLP, 177 Post Street, Suite 300, San Francisco, CA 94108; and (b) HSBC's Counsel – Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067. To be valid, the objection must: (i) attach documents establishing, or provide information sufficient to allow the parties to confirm, that the objector is a Settlement Class Member, including but not limited to the objector's full name,

- 5 -
ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897

address, and the telephone number(s) called by or on behalf of HSBC within the Class Period; (ii) include a statement of the specific objections; (iii) state the grounds for objection, as well as identify any documents which the objector desires the Court to consider; (iv) whether the objector intends to appear at the Final Approval Hearing on his or her own behalf or through counsel; and (v) disclose every prior objection to any class action settlement ever made by the objector including the case name, case number, and disposition of the prior objection(s). The Court will not consider an objection unless the objection includes all of the foregoing information.

17. <u>Settlement Binding on Settlement Class Members</u>. Any Settlement Class Member who fails to timely comply with Paragraph 16 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class. If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

18. <u>Clerk of the Court to Redact Objections</u>. For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number and last name except first letter of last name in order to protect the objector's privacy. The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

19. <u>Stay of These Actions</u>. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings in these Actions are stayed.

ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897

20. <u>Stay of Actions or Claims Asserting Released Claims by Plaintiffs or the Settlement Class</u>. Pending the final determination of whether the Settlement should be approved, Plaintiffs and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person (s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who requests exclusion from the Settlement.

21. <u>Conditional Certification of the Settlement Class</u>. If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement, including but not limited to confirmatory discovery, may be used by Plaintiffs, any person in the proposed Settlement Class, HSBC or any other person to establish liability, any

ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897

defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

22. <u>Termination</u>. In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to HSBC within 15 days of the event that causes the Agreement to not become effective.

23. <u>No Admission of Liability</u>. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by HSBC, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

24. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

25. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| | |
|---|---|
| **January 15, 2017** | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| **February 14, 2017** [30 days after the Notice Deadline] | Deadline for filing of Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards |
| **April 15, 2017** [90 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| **April 15, 2017** [90 days after the Notice Deadline] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| **May 15, 2017** [30 days after the Opt-Out and Objection Deadline] | Deadline for Parties to file the following:<br>(1) List of persons who made timely and proper requests for exclusion (under seal);<br>(2) Proof of Class Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections. |
| **June 27, 2017 at 1:30 p.m.** | Final Approval Hearing |

**IT IS SO ORDERED.**

Dated: October 19, 2016

By: /s/ *James V. Selna*
Honorable James V. Selna
United States District Judge

- 9 -
ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897